Paul L. Yde (Dist. of Columbia Bar No. 449751)
Timothy J. Coleman (Dist. of Columbia Bar No. 436415)
Freshfields Bruckhaus Deringer US LLP
701 Pennsylvania Ave., NW, Suite 600
Washington, DC 20004
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: paul.yde@freshfields.com
tim.coleman@freshfields.com

*Pro Hac Vice Admission Pending*

Patrick D. Robbins (CA State Bar No. 152288)
Mikael A. Abye (CA State Bar No. 233458)
SHEARMAN & STERLING LLP
525 Market Street, Suite 1500
San Francisco, CA 94105-2723
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: probbins@shearman.com
mabye@shearman.com

Attorneys for Defendant Continental Airlines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael C. Malaney, et al., | CASE NO.: 3:10-CV-02858 RS |
| Plaintiffs, | Assigned to The Hon. Richard Seeborg |
| v. | ANSWER OF DEFENDANT CONTINENTAL AIRLINES, INC. TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AGAINST VIOLATIONS OF SECTION 7 OF THE CLAYTON ANTITRUST ACT |
| UAL CORPORATION, UNITED AIR LINES, INC., and CONTINENTAL AIRLINES, INC., | |
| Defendants. | |

Subject to its affirmative and other defenses and without waiving the same, Defendant Continental Airlines, Inc. ("Continental") answers as follows to the allegations in Plaintiffs' Complaint for Injunctive Relief Against Violations of Section 7 of the Clayton Antitrust Act ("Complaint"). To the extent not expressly admitted, all allegations of the Complaint are denied.

**INTRODUCTION**

1. Continental admits that on May 3, 2010, Continental and United Air Lines, Inc. ("United") (collectively, "Defendants") announced a definitive agreement to merge through an all-stock transaction. Continental admits the merged entity would operate under the United name. Continental expressly denies all other allegations.

2. To the extent Paragraph 2 states a legal conclusion, no responsive pleading is required. Continental denies that the effect of the announced merger between United and Continental may be substantially to lessen competition, or to tend to create a monopoly, in the transportation of airline passengers in the United States and certain submarkets. Continental denies that the effect of the announced merger will result in a violation of Section 7 of the Clayton Antitrust Act, 15 U.S.C. §18.

3. Continental denies all allegations in Paragraph 3.

4. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements in Paragraph 4 alleging that Plaintiffs are individuals who have purchased airline tickets from one or both of the Defendants in the past, or whether Plaintiffs expect to do so in the future. Continental denies all other allegations in Paragraph 4.

**JURISDICTION AND VENUE**

5. Continental admits that Plaintiffs purport to bring this action under Sections 7 and 16 of the Clayton Antitrust Act, 15 U.S.C. §§18 and 26. Continental admits that this Court has subject matter jurisdiction of any properly pled federal antitrust claims pursuant to 15 U.S.C. §26 and 28 U.S.C. §§1331 and 1337. To the extent Paragraph 5 states a legal conclusion, no responsive pleading is required. To the extent Paragraph 5 can be construed to allege that Continental violated the noted portions of the Clayton Antitrust Act, Continental denies those allegations.

ANSWER OF DEFENDANT
CONTINENTAL AIRLINES, INC.     1     CASE NO.: 3:10-CV-02858 RS
289677

# THE PARTIES

6. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.

7. Continental admits that United is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

8. Continental admits that UAL Corporation is a holding company that owns and operates United.

9. Continental denies that United is uniformly regarded as the fourth largest airline in the world. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations concerning United in Paragraph 9.

10. Continental admits that a Revenue Passenger Mile ("RPM") is defined as one passenger flown mile. Continental denies that RPMs are the commonly accepted measure of airline sizes in the industry.

11. Continental admits that United is engaged in the business of transporting passengers and cargo, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11.

12. Continental admits that United operates domestic hubs at Los Angeles International Airport; San Francisco International Airport; Denver International Airport; O'Hare International Airport in Chicago, IL; and Dulles International Airport outside of Washington, DC.

13. Continental admits that United operates a foreign hub in Tokyo to serve United's Asia-Pacific route system.

14. Continental admits that United serves certain European cities.

15. Continental admits that United serves certain Latin American cities.

16. Continental admits that United has announced plans to begin serving Accra, Ghana, an African city, in the second quarter of 2010. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of any other planned African expansion on the part of United.

17. Continental admits that Plaintiffs have identified some members of the Star Alliance®. Continental admits Star Alliance® members operate at least 19,700 daily flights to at least 1,077 airports in at least 175 countries.

18. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, including the source of the quoted excerpt.

19. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19.

20. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20.

21. Continental admits the allegations in Paragraph 21.

22. Continental denies the allegations in Paragraph 22 to the extent they allege that Continental is uniformly regarded as the fourth largest domestic carrier and fifth largest airline in the world. Continental admits that it had more than 80 billion RPMs in 2008.

23. Continental denies the allegations in Paragraph 23 to the extent they allege that Continental has ownership interests in any regional airlines. Continental admits that Continental, together with Continental Express and Continental Connection, operates more than 2,700 daily departures throughout the Americas, Europe, and Asia. Continental denies all other allegations in Paragraph 23.

24. Continental admits the allegations in Paragraph 24.

25. Continental admits it has and operates hubs at New York/Newark Liberty International Airport in Newark, NJ; George Bush Intercontinental Airport in Houston, TX; Cleveland Hopkins International Airport; and Agana Field International Airport in Guam.

26. Continental admits that Continental, together with its regional partners, carries approximately 63 million passengers per year.

27. Continental admits the allegations in Paragraph 27.

28. Continental admits the allegations in Paragraph 28

**NATURE OF TRADE AND COMMERCE**

29. Paragraph 29 states legal conclusions and therefore no responsive pleading is required. To the extent the allegations in Paragraph 29 do not contain legal conclusions, Continental denies the allegations.

30. Continental denies the allegations in Paragraph 30.

31. Continental denies the allegations in Paragraph 31.

32. Continental denies the allegations in Paragraph 32.

33. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33.

34. Continental denies the allegations in Paragraph 34.

35. Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35. To the extent Continental has knowledge and information sufficient to respond to the allegations in Paragraph 35, Continental denies the allegations.

36. Continental denies the allegations in Paragraph 36.

37. Continental admits that some transportation of airline passengers affects interstate commerce. Continental denies all other allegations in Paragraph 37.

38. Continental denies the allegations in Paragraph 38.

**CONDUCT GIVING RISE TO ALLEGED VIOLATIONS OF LAW**

39. Continental admits that on May 3, 2010, Continental and United announced an agreement in which the two carriers would combine to form a new company with an equity value of approximately $8.3 billion.

40. Continental admits the allegations in Paragraph 40.

41. Continental admits the allegations in Paragraph 41.

42. Continental admits the allegations in Paragraph 42.

43. Continental admits the allegations in Paragraph 43.

44. Continental admits that its Chief Executive Officer, Jeffrey A. Smisek, and United's Chief Executive Officer, Glenn F. Tilton, were involved in certain discussions in

advance of the signing of the May 3, 2010 merger agreement. Continental admits these discussions were intended to be confidential while they were occurring. Continental denies all remaining allegations in Paragraph 44.

45. Continental denies the allegations in Paragraph 45, except admits that Mr. Smisek met with Mr. Tilton outside of their offices.

46. Continental denies the allegations in Paragraph 46, except admits that Mr. Smisek and Mr. Tilton discussed the rationale for the proposed merger at their meetings.

47. Continental denies the allegations in Paragraph 47.

48. Continental denies the allegations in Paragraph 48.

49. Continental denies the allegations in Paragraph 49.

50. Continental denies the allegations in Paragraph 50.

51. Continental denies the allegations in Paragraph 51, except admits that in their meeting to discuss a possible merger, Mr. Smisek and Mr. Tilton discussed the likelihood that a merger of Continental and United would result in the separation of significantly fewer employees than would a merger with other airlines.

52. Continental denies the allegations in Paragraph 52.

53. Continental denies the allegations in Paragraph 53.

54. Continental denies the allegations in Paragraph 54.

55. Continental denies the allegations in Paragraph 55.

56. Continental denies the allegations in Paragraph 56.

57. Continental admits that, according to public filings, the new combined company and its regional partners are expected to carry over 120 million passengers per year, provide access to 59 countries, have approximately $30 billion in annual aggregate revenues and $7.4 billion in unrestricted cash, operate 693 aircraft in their mainline fleets, and employ approximately 76,900 people worldwide. Continental denies the remaining allegations in Paragraph 57.

58. Continental denies the allegations in Paragraph 58.

59. Continental denies the allegations in Paragraph 59.

60. Continental denies the allegations in Paragraph 60.

61. Continental denies the allegations in Paragraph 61.

62. Continental denies the allegations in Paragraph 62.

63. Continental denies the allegations in Paragraph 63.

64. Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64, including the source of the statement to which Plaintiffs refer.

65. Continental denies the allegations in Paragraph 65.

66. Continental denies the allegations in Paragraph 66.

67. Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67.

68. Continental admits the allegations in Paragraph 68.

69. Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69.

70. Continental admits that Plaintiffs purport to attach a document depicting the history of mergers in the United States airline industry in Exhibit A, and a list purporting to rank the top airlines in the United States pre-and post-merger in Exhibits B and C.  Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the Exhibits, including the source.  Continental denies that any Exhibit demonstrates facts supporting any claims or allegations made in this Complaint.

71. Continental admits that the merger of Continental and United will result in the new entity operating eight hubs in the continental United States, including:  Cleveland Hopkins International Airport; Denver International Airport; Dulles International Airport outside of Washington, DC;  George Bush Intercontinental Airport in Houston, TX; Los Angeles International Airport; New York/ Newark Liberty International Airport in Newark, NJ; O'Hare International Airport in Chicago, IL; and San Francisco International Airport.  Continental denies all other allegations in Paragraph 71.

72. Continental denies the allegations in Paragraph 72.

73. Continental denies the allegations in Paragraph 73.

74. Continental denies the allegations in Paragraph 74.

75. Continental admits that Continental and United offer non-stop flights from Newark/New York to Chicago; Cleveland to Chicago; Denver to Newark/New York; and Houston to Denver. Continental denies all other allegations in Paragraph 75.

76. Continental denies the allegations in Paragraph 76.

77. Continental denies the allegations in Paragraph 77.

78. Continental denies the allegations in Paragraph 78.

79. Continental denies the allegations in Paragraph 79.

80. Continental denies the allegations in Paragraph 80.

81. Continental denies the allegations in Paragraph 81.

82. Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82.

83. Continental denies the allegations in Paragraph 83 except to admit that United and Continental offer service on some of the same routes.

84. Continental admits the allegations in Paragraph 84.

85. Continental admits that passengers traveling from San Francisco, California, to Newark, New Jersey, could consider airlines using other airports at each end-point, such as Oakland International Airport or San Jose International Airport (instead of San Francisco International Airport) or John F. Kennedy International Airport and LaGuardia Airport (instead of Newark Liberty International Airport). Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of any other allegations in Paragraph 85.

86. Continental denies the allegations in Paragraph 86.

87. Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87.

88. Continental admits that it services international destinations from its hubs. Continental denies all remaining allegations in Paragraph 88.

89. Continental denies the allegations in Paragraph 89.

90. Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91. Continental denies the allegations in Paragraph 91.

92. Continental denies the allegations in Paragraph 92.

93. Continental denies the allegations in Paragraph 93.

94. Continental denies the allegations in Paragraph 94.

95. Continental denies the allegations in Paragraph 95.

96. Continental denies the allegations in Paragraph 96.

97. Continental denies the allegations in Paragraph 97.

98. Continental denies the allegations in Paragraph 98 as to Continental. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding other airline carriers' future plans.

99. Continental admits that Plaintiffs purport to excerpt a May 5, 2010, letter from Representative James Oberstar (D-Minn.) to the Department of Justice in Paragraph 99, and refers the Court to that document for its contents. To the extent Paragraph 99 can be construed as containing any allegations as to Continental, Continental denies those allegations.

100. Continental denies the allegations in Paragraph 100.

101. Continental denies the allegations in Paragraph 101.

102. Continental denies the allegations in Paragraph 102.

103. Continental denies the allegations in Paragraph 103.

104. Continental denies the allegations in Paragraph 104.

105. Continental denies the allegations in Paragraph 105.

106. Continental admits that it may have created certain financial and economic cost/benefit analyses concerning various aspects of Continental's business. Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations concerning other U.S. passenger airlines' documents. Continental denies all other allegations in Paragraph 106.

107. Continental admits that Plaintiffs purport to excerpt a study from the United States Government Accountability Office, and refers the Court to that document for its contents. Continental denies the allegations in Paragraph 107.

108. Continental denies the allegations in Paragraph 108.

109. Continental admits that it may have created internal documents reflecting its analyses of the markets for air transportation. Continental lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations concerning other U.S. passenger airlines' documents. Continental denies all other allegations in Paragraph 109.

110. Continental denies the allegations in Paragraph 110 but admits that entry or potential entry of new airline service at airports (including adjacent airports) can result in pro-competitive effects.

111. Continental denies the allegations in Paragraph 111.

112. Continental denies the allegations in Paragraph 112 but admits that Plaintiffs purport to bring an action for preliminary and permanent injunctive relief.

## VIOLATION ALLEGED

## CLAYTON ACT, SECTION 7

Continental incorporates by reference its responses in the preceding Paragraphs, 1-112.

113. The allegations contained in Paragraph 113 state legal conclusions and no responsive pleading is required. To the extent the allegations in Paragraph 113 do not state legal conclusions, Continental denies those allegations.

## PRAYER FOR RELIEF

The Prayer for Relief contains allegations of law or fact that do not require a response by Continental. To the extent that a response is required, Continental denies the allegations of the Prayer for Relief. WHEREFORE, Continental denies that Plaintiffs are entitled to any relief, whatsoever.

## DEFENSES

Continental asserts the following defenses without assuming the burden of proof or persuasion as to such defenses that would otherwise rest on Plaintiffs.

FIRST DEFENSE

Plaintiffs' claims are barred because Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to maintain some or all of their claims.

THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Continental's international operations and activities have been granted antitrust immunity in the United States. In particular, on July 10, 2009, the U.S. Department of Transportation conferred limited antitrust immunity on United and Continental to coordinate prices, schedules, and other aspects of competition for international air passenger service. *See*, Docket OST-2008-0234, Final Order, Joint Application of Air Canada, The Austrian Group, British Midland Airways Ltd, Continental Airlines, Inc., Deutsche Lufthansa Ag, Polskie Linie Lotnicze Lot S.A., Scandinavian Airlines System, Swiss International Air Lines Ltd., Tap Air Portugal, United Air Lines, Inc. to Amend Order 2007-2-16 under 49 U.S.C. §§ 41308 and 41309 so as to Approve and Confer Antitrust Immunity.

FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any actions taken by Continental do not lessen competition in the relevant market.

FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have suffered no injury or damage and are unlikely to suffer any injury or damage in the future, as a result of the matters alleged in the Complaint by virtue of any conduct by Continental.

SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to post a bond as required by 15 U.S.C. §26.

SEVENTH DEFENSE

Continental adopts and incorporates by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

**DEFENSES RESERVED**

The foregoing defenses are raised by Continental without waiver of any other defenses that may become known during the discovery proceedings in this case or otherwise. Continental hereby reserves the right to amend or supplement its Answer to assert any other related defenses as they become available.

**WHEREFORE**, Plaintiffs should take nothing by their Complaint; their Complaint should be dismissed with prejudice; and the Court should order any relief appropriate in favor of Continental, including attorneys' fees and court hearing costs incurred herein.

Dated: August 5, 2010　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　FRESHFIELDS BRUCKHAUS DERINGER US LLP
　　　　　　　　　　　　　　　　　　Paul L. Yde
　　　　　　　　　　　　　　　　　　Timothy J. Coleman

　　　　　　　　　　　　　　　　　　*Pro Hac Vice Admission Pending*

　　　　　　　　　　　　　　　　　　SHEARMAN & STERLING LLP
　　　　　　　　　　　　　　　　　　Patrick D. Robbins
　　　　　　　　　　　　　　　　　　Mikael A. Abye

　　　　　　　　　　　　　　　By:　　/s/Patrick D. Robbins
　　　　　　　　　　　　　　　　　　Patrick D. Robbins

　　　　　　　　　　　　　　　　　　Attorneys for Defendant Continental Airlines, Inc.