*E-Filed 8/9/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael C. Malaney, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UAL CORPORATION, UNITED AIR LINES, INC., and CONTINENTAL AIRLINES, INC., <br><br> Defendants. | CASE NO. 3:10-CV-02858-RS <br><br> STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Fed. R. Civ. P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal, and is hereby incorporated by reference.

**2. DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Non-Party</u>: any person or entity that is not a Party, but responds to or otherwise participates in discovery in this action.

2.3 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4 <u>Confidential Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c)(1)(G) or designated "Confidential Treatment Requested" in the production made in response to the United States Department of Justice's Second Request.

2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party:  a Party or Non-Party that designates information or items contained in disclosures or in responses to discovery as "Confidential" or "Confidential Treatment Requested".

2.8     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or "Confidential Treatment Requested".

2.9     Expert and/or Consultant:  a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or a consultant in this action, and who is not currently an employee, nor has been.

2.10    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, notes, summaries, or compilations thereof, and any testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, this Order shall not be construed to cause any counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

**4.     DURATION**

This Order shall survive the termination of this action and shall continue in full force and effect until otherwise ordered by the Court.  The Court shall retain jurisdiction to enforce or modify this Order.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must narrowly tailor any such designation to specific material that qualifies under the appropriate standards.

5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Should a Producing Party discover that it produced material that was not designated as Confidential Information, but the material should have been so designated, the Producing Party may notify all Parties, in writing, of the error and identifying (by Bates number or other individually identifiable information) the affected documents and their new designation or re-designation.  Thereafter, the material so designated or re-designated will be treated as Protected Material.   Promptly after providing such notice, the Producing Party shall provide relabeled copies of the materials to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated materials with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings</u>), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL TREATMENT REQUESTED" on each page that contains Protected Material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL".  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof,

qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" on each page that contains Protected Material.

(b) <u>for testimony given in deposition or other pretrial or trial proceedings</u>, that the Designating Party designate any portion of the testimony as "CONFIDENTIAL", either on the record before the deposition is concluded, or in writing (1) during the preliminary injunction phase within three (3) days of receipt of the transcript and thereafter (2) on or before the later of (i) fourteen calendar days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e). The entire testimony shall be treated as Confidential until the expiration of the time periods set forth in this paragraph. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL", as instructed by the Party or Non-Party offering or sponsoring, offering, giving or eliciting the witness' the testimony.

(c) <u>for information produced in electronic or video format, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".

5.3 <u>Inadvertent Failures to Designate</u>. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is re-designated as "Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Producing Party's Use of Designated Material.  Nothing in this Order shall limit or restrict, or have any other effect, upon any Disclosing Party's use of their own Designated Material for any purpose.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  There shall be no challenges to confidentiality designations during the preliminary injunction phase.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing, by telephone or in person of its challenge and identify the challenged material, then conferring directly in voice to voice dialogue (other forms of communication are not sufficient) with counsel for the Designating Party.  The Parties must then meet and confer in good faith.  Each Party must explain the basis for its respective position about the propriety of the challenged confidentiality designation.  The parties have fourteen (14) calendar days from the initial notification of a challenge to complete this meet and confer process.

6.3     Judicial Intervention.  In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party.  If the parties are not able to resolve a dispute about confidentiality designation within the time provided in paragraph 6.2, above, the parties shall, within fourteen (14) calendar days thereafter, prepare and present to the Court a joint letter brief that identifies the challenged material and sets forth the respective positions of the parties about the propriety of the challenged confidentiality designations. Until the ruling on the dispute becomes final, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

In the event that the final ruling is that the challenged material is not confidential or that its designation should be changed, the Designating Party shall reproduce copies of all

materials with their designations removed or changed in accordance with the ruling within thirty (30) calendar days at the expense of the Designating Party.

**7. ACCESS TO AND USE OF DISCLOSURE OR DISCOVERY MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Disclosure or Discovery Material that is disclosed or produced by a Producing Party only in connection with this action for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2 <u>Disclosure of Confidential Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "Confidential Treatment Requested" only to:

(a) the Receiving Party's outside counsel, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) current or former directors and employees (including in house counsel) of Defendants to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Plaintiffs, only to the extent necessary to describe to Plaintiffs the status and value of the action against Defendants;

(d) Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation; and (2) an "Agreement to Be Bound by Protective Order" (Exhibit A) has been signed;

(e) the Court and its personnel;

(f) stenographers, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(g) the author, addressees, or recipients of the document, as indicated on the face of the document, or any other natural person who is specifically identified by name in the document and whose conduct or communications are substantially described in the document;

(h) Confidential Information may be disclosed to witnesses during their depositions, if such disclosure is reasonably necessary for this litigation;

(i) any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information; and

(j) to any special master, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in the above-captioned case.

7.3 <u>Retention of Exhibit A.</u>  Outside counsel for the Party that obtains the signed "Agreement to be Bound by Protective Order" (Exhibit A), as required above, shall retain them for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown.

7.4 <u>Retention of Protected Material.</u>  Persons who have been shown Protected Material pursuant to Section 7.2(b), (g), or (h), shall not retain copies of such Protected Material.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a discovery request, subpoena or an order that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "Confidential Treatment Requested" to person(s) other than those specifically authorized to receive such materials under this Stipulated Protective Order, the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along with a copy of the

discovery request, subpoena or order immediately and in no event more than three (3) business days after receiving the discovery request, subpoena or order.

The Receiving Party also must immediately inform the person or entity who caused the discovery request, subpoena or order to issue that some or all the materials covered by the subpoena or order is the subject to this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the person or entity that caused the discovery request, subpoena or order to issue and must make reasonable efforts to negotiate a protective order that contains the same level of protections as this Order.

The purpose of imposing these duties is to alert interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material.  Any such information requested by discovery request, subpoena or order shall not be turned over before the expiration of ten (10) court days following service of notice to the Designating Party or resolution of the judicial challenge to said request, subpoena or order, whichever is later, unless directly ordered by a Court to produce such documents at a date certain that would be in violation of this time frame.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty calendar days after the final termination of this action, including any appeals, each Receiving Party shall destroy all Protected Material or return such Protected Material to the Producing Party. The cost of destruction will be borne by the Receiving Party. If the Producing Party requests that the Protected Material be returned to it, the Producing Party shall itself bear all costs associated with the return of Protected Materials. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

**12. INADVERTENTLY PRODUCED DOCUMENTS**

In consideration of the condensed schedule for production of documents, the production of any document protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or immunity shall be deemed inadvertent and not a waiver of the applicable privilege. If a Party or Non-Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable

privilege or immunity from disclosure, or the Receiving Party discovers such production, the Receiving Party shall immediately return all copies of such documents, testimony, information and/or things to the inadvertently Producing Party and shall not use such items for any purpose until further order of the Court. In all events, such return must occur within two (2) business days of receipt of notice or discovery of the inadvertent production. The return of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

**13. ATTORNEY RENDERING ADVICE**

Nothing in this Stipulated Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Confidential Information or Discovery Material in rendering such advice, provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

**14. MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Attorney-Client Privilege</u>. This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection.

14.4 <u>No Concession.</u> Neither this Order nor the production of Protected Material shall be deemed a concession or determination of the relevance, materiality, or admissibility of such Protected Material.

IT IS SO STIPULATED.

Dated: August 6, 2010

    CRAVATH, SWAINE & MOORE LLP
Max R. Shulman
Stuart W. Gold
Katherine B. Forrest

Attorneys for Defendants UAL Corporation and United Air Lines, Inc.

FRESHFIELDS BRUCKHAUS DERINGER US LLP
Paul L. Yde
Tim Coleman

Attorneys for Defendant Continental Airlines, Inc.

SHEARMAN & STERLING LLP
Patrick D. Robbins
Mikael A. Abye


By: _____/s/_____
       Patrick D. Robbins

Attorneys for Defendants UAL Corporation, United Air Lines, Inc. and Continental Airlines, Inc.


1
2
3
        ALIOTO LAW FIRM
        Joseph M. Alioto (SBN 42680)
        Theresa D. Moore (SBN 99978)
        Joseph M. Alioto, Jr. (SBN 215544)
        Thomas P. Pier (SBN 235740)
        Angelina Alioto-Grace (SBN 206899)

GRAY, PLANT, MOOTY, MOOTY & BENNETT
Daniel R. Shulman
Julie Lynn Boehmke
Jeremy L. Johnson

MESSINA LAW FIRM PC
Gil D. Messina

By: _____/s/\*_____
      Daniel R. Shulman

Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT SO ORDERED.

Dated: August \_9\_, 2010          _____
                                    Richard Seeborg
                                    United States District Judge

\*   Attestation: Per General Order 45, Section X.B, I hereby attest that counsel for the defendants have obtained written concurrence from Mr. Shulman with regard to the filing of this document.

                                                           /s/
                                              Patrick D. Robbins

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Malaney, et al. v. UAL Corporation, et al*.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____