# ALIOTO LAW FIRM

555 CALIFORNIA STREET, SUITE 3160
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE (415) 434-8900
FACSIMILE (415) 434-9200

August 10, 2010

The Honorable Richard G. Seeborg
Judge, United States District Court for the Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 3
San Francisco, California 94102

  Re: *Malaney, et al. v. UAL Corp, et al.* (Case No. 3:10-CV-2858-RS)

Dear Judge Seeborg:

  Plaintiffs Malaney, *et al*. submit this letter brief in opposition to the defendant Airlines' request to discover plaintiffs' past-settlement information.

## INTRODUCTION

  The Airlines seek to discover "each action … [in] which [each plaintiff] was a named party and was represented by any counsel for Plaintiffs in this action," " the nature of the action, whether there was a settlement of the action and, if so, whether the settlement consisted of monetary consideration."  Docket Doc. 30-1, pp. 2:23-3:2.  Airlines contend this information is relevant because a settlement is necessarily "an award of money damages." Reporter's Transcript of Proceedings ("RT"), Aug. 6, 2010, p. 17:2-3.  And, the *possibility* of a settlement in this case, Airlines argue, "would be strong evidence that [plaintiffs] don't need an injunction, that money damages is all that they need to compensate them for any alleged harm that they might be able to prove here."  *Id*. at 17:5-8.

  The information sought bears no relevance to any defense and is not reasonably calculated to lead to admissible evidence.  Even if the discovery revealed that plaintiffs have settled previous cases, the possibility of settling a case does not demonstrate an "adequate legal remedy" that defeats irreparable harm.  Plaintiffs have sued under Section 16 of the Clayton Act, which does *not* provide for money damages; thus, any settlement could not, as a matter of law, be compensation for damages sustained.  Moreover, the Airlines' reasoning would defeat a showing of irreparable harm in *every* case, since settlement is always a possibility.  Finally, the only district court that has considered this same issue squarely rejected the Airlines' position. Airlines' request is nothing more than an improper attempt to gain unfair negotiating leverage by discovering plaintiffs' previous settlement amounts, and it must be rejected.

## APPLICABLE LAW

  Congress so abhorred anticompetitive mergers that in 1914, when it drafted the Clayton Act, it proscribed even those mergers whose anticompetitive effects were as yet *unknown*.  Section 7 outlaws any merger whose effect "*may* be substantially to lessen competition, or *tend* to create a monopoly."  15 U.S.C. § 18 (emphasis added).  Thus, the language of the Act calls for

1

**ALIOTO LAW FIRM**

The Hon. Richard G. Seeborg
August 10, 2010

prospective application; it "can deal only with probabilities, not with certainties," and "necessarily requires a prediction of the merger's impact, present and future." *Fed. Trade Comm'n v. Procter & Gamble Co*., 386 U.S. 568, 577 (1967).

Two federal antitrust statutes govern private rights of action. Section 4 allows for the recovery of damages to compensate for injury done (15 U.S.C. § 15); while Section 16 provides only for injunctive relief to prevent a *threatened loss* (15 U.S.C. § 26). Precisely because the challenged merger here has not yet occurred and plaintiffs have not yet sustained damages, they brought this action under Section 16, which provides that "[a]ny person . . . shall be entitled to sue for and have injunctive relief . . . against threatened loss or damage by a violation of the antitrust laws . . . ." 15 U.S.C. § 26. Under this provision, "a preliminary injunction may issue" if the plaintiffs make "a showing that the danger of irreparable loss or damage is immediate . . . ." 15 U.S.C. § 26.

To prevail on their motion for a preliminary injunction, Plaintiffs must establish, among other elements, "that [they are] likely to suffer irreparable harm in the absence of preliminary relief . . . ." *Alliance for the Wild Rockies v. Cottrell*, No 09-35756, Slip Op. 10855, 10865 (9th Cir. July 28, 2010), *available at* 2010 U.S.App.Lexis 15537. Under some circumstances, the existence of an "adequate legal remedy" can defeat a plaintiff's showing of irreparable harm. *See, Triad Sys. Corp. v. Southeastern Express Co.*, 64 F.3d 1330, 1335 (9th Cir. 1995) (overruled on other grounds as stated in *Gonzales v. Texaco, Inc*. 344 Fed.App'x 304, 306 (9th Cir. 2009)).

## ARGUMENT

The central premise of the Airlines' argument is a misstatement. They erroneously asserted to the Court that a settlement – in a suit requesting equitable relief – is equivalent to "an award of money damages." RT, p. 17:2-3. It isn't. They claim that the mere prospect of a settlement here is "strong evidence that [plaintiffs] don't need an injunction, that *money damages* is all that they need to compensate them for any alleged *harm that they might be able to prove* here." RT, p. 17:5-8 (emphasis added). But, Airlines' statements indicate a fundamental misunderstanding of the law.

To begin with, it is legally impossible for a potential monetary settlement here to be a "legal remedy." A "remedy" is the "means by which a *right* is enforced." Black's Law Dictionary 896 (abr. 6th ed. 1991) (emphasis added). A "legal remedy" or a remedy "at law," as distinguished from a remedy "in equity," is a legal right to money damages for injury sustained. Here, plaintiffs have *no right* to damages, since the statute authorizing this action, Section 16, does *not* allow for the recovery of damages. It only authorizes injunctive relief. To put it another way, "the 'adequate legal remedy' must be one *cognizable in federal court*." *Levin v. Commerce Energy, Inc*., ___ U.S. ___, 130 S.Ct. 2323, 2331 (2010) (emphasis in original). Since plaintiffs have *no federally recognized right* to damages under Section 16, a settlement of money cannot as a matter of law, satisfy plaintiffs' complaint under the statute.

Airlines' misapprehension of the statute authorizing this lawsuit becomes starker still. They incorrectly presume that plaintiffs have suffered "harm that they might be able to prove," which could be adequately "compensate[d]" through "money damages." RT, p. 17:5-8. But, plaintiffs have not yet suffered injury. There is nothing to compensate. And, that is the point. Section 7 is designed to "arrest[ ] mergers at a time when the trend toward lessening competition in a line of

**ALIOTO LAW FIRM**

The Hon. Richard G. Seeborg
August 10, 2010

commerce is still in its incipiency," *Brown Shoe Co. v. United States*, 370 U.S. 294, 317 (1962). In other words, the law seeks to halt a merger which "may" lessen competition *before* it actually does. A money settlement could not feasibly "compensate" the "harm" to plaintiffs, since no harm has yet occurred.

Second, settlement is possible and in fact, encouraged, in *every* lawsuit. And, by Airlines' reasoning, every plaintiff therefore has an "adequate legal remedy." But taking their argument to its logical conclusion, no injunction could ever issue – in any case – since the possibility of settlement and therefore an adequate remedy at law would always exist. Not only would the Airlines' logic subvert equity jurisprudence, it would specifically thwart Congress's "clear intent to encourage vigorous private litigation against anticompetitive mergers." *California v. Am. Stores Co.*, 495 U.S. 271, 284 (1990).

Third, at least one district court has already rejected precisely the Airlines' arguments for the reasons outlined above. In *CBS Inc. v. Liederman*, 866 F.Supp. 763, 766 (S.D.N.Y. 1994), the defendant argued that "an attempt at settlement is proof that legal remedies are adequate and therefore [plaintiff] cannot prove irreparable harm." The court rejected the argument and held "the fact that [plaintiff] was willing to settle the dispute does not mean that no equitable remedy exists[;] [t]o rule otherwise would result in punishing a party for attempting to settle, rather than encouraging parties to settle."

Airlines' discovery request is nothing more than an improper attempt to gain an unfair upper hand in settlement negotiations, and this Court should play no role in assisting the subterfuge. In fact, in their zeal, Airlines undermine their own theory by requesting settlement information from *Tam Travel v. Delta Air Lines*, a price-fixing case brought under Section 4 – which unlike Section 16 authorizes money damages. Of course there was an adequate remedy at law in *Tam Travel*; it *sought* money damages. Any settlement in that case is inapposite to whether a settlement is an adequate legal remedy in a case exclusively seeking injunctive relief under Section 16.

The information sought is irrelevant and inadmissible, since it does not make "the existence of" plaintiff's adequate remedy at law any "more or less probable." FED.R.EVID. 401, 402. But, even more than that, the information is undiscoverable. It is not "reasonably calculated to lead to the discovery of admissible evidence," FED.R.CIV.P. 26(b)(1), since the discovery sought is sought for *itself*, and *not*, as Airlines openly concede, as a means for discovering anything else.

Airlines' request to discover plaintiffs' past-settlement information must be denied.


        Very truly yours,

        *s/ Joseph M. Alioto, Jr.*

        Joseph M. Alioto, Jr.