***E-Filed  08/11/2010***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael C. Malaney, et al., | No. CV 10-02858 RS |
| Plaintiffs, | **DISCOVERY ORDER** |
| v. | |
| UAL CORPORATION, UNITED AIRLINES, INC., and CONTINENTAL AIRLINES, INC., | |
| Defendants. | |

On June 29, 2010, plaintiffs filed a complaint for injunctive relief, alleging that the proposed merger between United Airlines, Inc. ("United") and Continental Airlines, Inc. ("Continental") would violate Section 7 of the Clayton Antitrust Act. Plaintiffs then filed a motion for preliminary injunction on August 9, 2010, requesting this Court to enjoin defendants from completing and consummating the proposed merger.

Pursuant to the Court's request during an August 6, 2010 telephone conference, plaintiffs and defendants have submitted letter briefs to address the discoverability of information relating to the settlement of other airline lawsuits brought by plaintiffs, including a lawsuit in which some of the same plaintiffs present here attempted to enjoin the Delta/Northwest merger. Defendants contend that this settlement material is relevant to plaintiff's motion for preliminary injunction because, the argument goes, evidence of a settlement for monetary damages undermines the notion that the United/Continental merger would cause plaintiffs irreparable harm. As the Ninth Circuit recently reiterated, a showing of a likelihood of irreparable harm is required to obtain injunctive relief. *Alliance for the Wild Rockies v. Cottrell*, No. 09-35756, 2010 WL 2926463, at *3 (9th Cir. July 28, 2010) (citing *Winter v. Natural Resources Defense Council,* --- U.S. ----, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). Plaintiffs argue that the settlement materials are irrelevant and therefore not subject to production because, as they have sued under Section 16 of the Clayton Act not providing for monetary damages, any settlement for money in this case could not, as a matter of law, be an adequate legal remedy for their complaint.

The Ninth Circuit has held that the threat of monetary damages alone is not normally considered irreparable harm. *See Triad Systems Corp. v. Southeastern Exp. Co.*, 64 F.3d 1330, 1335 (9th Cir. 1995), *overruled on other grounds*, (citing *Los Angeles Memorial Coliseum Comm'n v. National Football League,* 634 F.2d 1197, 1202 (9th Cir.1980)). Pursuant to the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under this broad definition of relevance, evidence need not be dispositive of a fact to be proved, or even strong evidence of the same; all that is required is a "tendency" to establish the fact at issue. *U.S. v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). The

Federal Rules of Civil Procedure maintain that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The scope of permissible discovery is also broad, "encompass[ing] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Watts v. Allstate Indem. Co.*, No. 2:08-cv-01877, 2010 WL 3037024, at *2 (E.D. Cal. Aug. 2, 2010) (citing *Oppenheimer Fund, Inc. v. Sanders,* 427 U.S. 340, 351 (1978)); *see also*, *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995).

The cases cited by plaintiffs involve circumstances distinguishable from those here. In *CBS Inc. v. Liederman*, the District Court for the Southern District of New York held that "the fact that [plaintiff] was willing to settle the dispute does not mean that no equitable remedy exists." 866 F.Supp. 763, 766 (S.D.N.Y. 1994). The *Liederman* court's holding does not, as plaintiffs suggest, stand for the proposition that evidence of previous monetary settlements in lawsuits seeking injunctive relief is irrelevant and therefore exempt from production. Indeed, plaintiffs have provided no support for the notion that monetary damages can never be an adequate remedy where a complaint demands injunctive relief. Moreover, the fact that evidence of previous settlement terms may not be dispositive in evaluating the merits of a motion for preliminary injunction does not necessarily render such evidence irrelevant. Therefore, information relating to the settlement of other airline lawsuits comes within the ambit of "relevant" and "discoverable" in connection with an argument that monetary damages would be an adequate remedy here.[1] Without ruling on the question of admissibility, then, the Court orders as follows:

1) On or before August 13, 2010, plaintiffs shall indentify all actions (the "Relevant Actions) defined as: (i) each lawsuit to which he or she has been a party against an airline; and (ii) each lawsuit to which he or she was a party and was represented by any of the counsel for plaintiffs in this action.

2) On or before August 13, 2010, plaintiffs shall provide one copy of the complaint for each Relevant Action.

---

[1] Although plaintiffs do not address the issue of confidentiality in their letter brief, the terms of the Protective Order entered by the Court on August 9, 2010 obviate any concerns that the production of settlement terms of other airline lawsuits will violate any confidentiality orders.

3) On or before August 13, 2010, plaintiffs shall (i) state whether any claim of a Relevant Action was dismissed, or settled, by the plaintiffs; (ii) state the date of such dismissal or settlement; and (iii) describe all consideration received directly or indirectly by the plaintiff and all conditions, written or unwritten, relating to the settlement or dismissal.  Plaintiffs shall also provide defendants with all settlement agreements relating to any Related Action and all documents evidencing agreements relating to the categorization, assignment, division, or distribution of any type of monetary payment made or other consideration exchanged in connection with the settlement of any Relevant Action.

4) Defendants shall be permitted to ask questions at depositions regarding the Related Actions and settlements thereof.

5) If this information is subject to a confidentiality obligation, plaintiffs shall provide the counter-party to that obligation with notice that the information will be disclosed five (5) days after the entry of this Order and such information shall be provided to defendants' counsel by 12:00 p.m. EDT six (6) days after entry of this Order.

IT IS SO ORDERED.

Dated: August 11, 2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE