Joseph M. Alioto (SBN 42680)
Theresa D. Moore (SBN 99978)
Angelina Alioto-Grace (SBN 206899)
Joseph M. Alioto, Jr. (SBN 215544)
Thomas P. Pier (SBN 235740)
ALIOTO LAW FIRM
555 California Street
Thirty-First Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email: JAliotoJr@aliotolaw.com

Attorneys for Plaintiffs

Patrick D. Robbins (CA Bar No. 152288)
SHEARMAN & STERLING LLP
525 Market Street, Suite 1500
San Francisco, CA 94105-2723
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: probbins@shearman.com

Attorneys for Defendants UAL Corporation,
United Air Lines, Inc. and Continental Airlines, Inc.

[Names and Addresses of Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael C. Malaney, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UAL CORPORATION, UNITED AIR LINES, INC., and CONTINENTAL AIRLINES, INC., <br><br> Defendants. | CASE NO. 3:10-CV-02858-RS <br><br> JOINT CASE MANAGEMENT STATEMENT <br><br> Date: December 9, 2010 <br> Time: 10:00 a.m. <br> Courtroom: 3 (Telephonic Appearance) <br> Judge: Hon. Richard Seeborg |

The parties to the above-entitled action jointly submit this Case Management Conference Statement in accordance with this Court's July 6, 2010, Reassignment Order in this matter.

**1.     Date case was filed.**  The Complaint in this matter was filed on June 29, 2010.

**2.     List or description of all parties**.  According to the Complaint, Plaintiffs are 49 consumers of commercial airline tickets.  At the time the Complaint in this matter was filed, UAL Corporation ("United") was a holding company incorporated under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.  Effective October 1, 2010, in connection with the merger that is the subject of this action, UAL Corporation changed its name to United Continental Holdings, Inc.  Defendants United Air Lines, Inc. and Continental Airlines, Inc. ("Continental") are wholly-owned subsidiaries of United Continental Holdings, Inc.

**3.     Summary of all claims, counter-claims, cross-claims, third party claims.** Plaintiffs' Prayer for Relief seeks an order from the Court declaring, adjudging and decreeing that the merger violates Section 7 of the Clayton Act, 15 U.S.C. § 18; an injunction preliminarily and permanently enjoining the merger; costs of suit and such other relief as the Court may deem appropriate.  The Defendants have filed Answers.  There are no counter-claims or cross-claims.

**4.     Brief description of the event underlying the action.**  On May 2, 2010 United and Continental entered into an Agreement and Plan of Merger providing for a merger of equals between United and Continental.  Plaintiffs brought this action seeking to enjoin Defendants from consummating their merger and for such other and further relief as the Court might find to be just and appropriate.

**5.     Description of relief sought and damages claimed.**     Plaintiffs have sought injunctive relief and divestiture.  Plaintiffs contend that their damages include, without limitation, capacity reductions, reduced availability, higher prices and impact on Plaintiffs.

**6.     Status of discovery**.  The parties have already engaged in discovery in connection with the preliminary injunction hearing.  Among other things, Defendants have provided Plaintiffs the entirety of Defendants' production to the U.S. Department of Justice ("DOJ") in connection with the regulatory review process for the merger from selected custodians designated by Plaintiffs, as well as the 4(c) documents provided to the DOJ with Defendants' Hart-Scott-Rodino premerger notification filing.  Plaintiffs have taken a total of six depositions of fact witnesses, including the chief executive officer of each airline, and the deposition of Defendants' expert.

Plaintiffs, in turn, have provided Defendants certain documents regarding Plaintiffs' air travel history and involvement in prior litigations, and Defendants have taken the depositions of Plaintiffs' expert and five individual Plaintiffs that Plaintiffs' counsel designated as representative of the larger group.

In connection with the preliminary injunction hearing in this matter held on August 31 and September 1, 2010, the parties' respective experts submitted expert reports and rebuttal reports.  At the hearing, the Court heard testimony from the parties' experts, each airline's chief executive officer, United's Senior Vice President for Planning, and four Plaintiffs.

**Additional discovery before trial.**

Plaintiffs' Position

Plaintiffs believe that they will require limited additional written discovery from Defendants in advance of trial and intend to serve such discovery requests on Defendants in short order.

Defendants' Position

In light of the extensive record developed and discovery already undertaken in connection with the preliminary injunction hearing (including Defendants' production of over

690,000 pages of information to Plaintiffs), Defendants believe discovery should be stayed until after resolution of Plaintiffs' pending appeal, which may determine the scope of any such discovery, by, for example, adjudicating the appropriateness of Plaintiffs' proposed relevant market. Since Plaintiffs describe their intended discovery requests as limited, discovery should not unduly delay a trial if discovery commences promptly after a decision by the Court of Appeals.

Defendants' additional discovery will depend upon what relevant market Plaintiffs plan to offer at trial. Defendants will at least take the deposition of any Plaintiff or other witness from whom testimony will be offered by Plaintiffs at trial.

**7. Procedural history of the case.** On August 9, 2010, Plaintiffs filed their motion for a preliminary injunction to stop the merger of United and Continental. The Court held an evidentiary hearing on Plaintiffs' motion on August 31 and September 1, 2010. On September 17, 2010, the Court heard the parties' closing arguments on the motion for preliminary injunction. On September 27, 2010, the Court issued an order denying Plaintiffs' motion for a preliminary injunction (the "September 27 Order"). On October 1, 2010, United and Continental consummated their merger. Later that same day, Plaintiffs filed a notice of appeal of the September 27 Order, and filed an emergency motion in the Court of Appeals for the Ninth Circuit seeking a "hold separate" order pending the appeal. On October 6, 2010, the Court of Appeals issued an order denying Plaintiffs' motion for a "hold separate" order and setting a briefing schedule for the appeal.

Plaintiffs filed their opening brief in the Court of Appeals on October 29, 2010. Defendants' answering brief is due to be filed on December 10, 2010. Plaintiffs' reply brief, if any, is due to be filed on December 24, 2010.

JOINT CASE MANAGEMENT STATEMENT CASE NO.: 3:10-CV-02858 RS

**8.     Other deadlines in place**.  The Court has not yet established a schedule for the conduct of this matter beyond the preliminary injunction phase.  The following are the parties' respective positions with regard to the schedule in this matter going forward.

<ins>Plaintiffs' Position</ins>

Subject to discussion with opposing counsel and the Court as to a reasonable schedule, Plaintiffs believe that the trial in this matter should be scheduled for the earliest possible date and propose a January 2011 trial date.  Plaintiffs do not agree with the Defendants' characterization of the pending appeal as stated herein.  Plaintiffs do not otherwise agree with Defendants that either the denial of the motion for preliminary injunction, or even a hypothetical affirmance of the September 27, 2010 decision has any bearing on the Plaintiffs' right to trial.  Assuming the parties reach an agreement on the admissibility of all documents produced, plaintiffs anticipate that the trial in this matter would last 2-3 days.  If the parties cannot reach an agreement on admissibility the trial will take further time.

<ins>Defendants' Position</ins>

The date for trial in this matter (and all related deadlines) should be determined after the resolution of the pending appeal.  That appeal, which Plaintiffs alone chose to file, involves at least one key threshold issue in this matter.  In particular, Plaintiffs argue on appeal that this Court abused its discretion in finding that Plaintiffs failed to establish the "national airline industry" as a viable relevant market.  (Plaintiffs do not challenge this Court's findings that they failed to establish any other viable relevant market.)  Having already endured the burden and expense of an evidentiary hearing on Plaintiffs' motion for preliminary injunction, Defendants should not be forced to proceed to a full trial on the merits without the benefit of the Court of Appeals' ruling on the threshold issue of the relevant market, which, if favorable to Defendants, could, as a practical matter, severely limit

JOINT CASE MANAGEMENT STATEMENT                                      CASE NO.: 3:10-CV-02858 RS

-4-

Plaintiffs' ability to succeed on their claims at trial. If nothing else, a decision on Plaintiffs' appeal will assist the Court and the parties in defining the specific issues on which a meaningful trial on the merits can be had.

**9. Any requested modification of these dates and reason for the request.** See # 8 above.

**10. Whether the parties will consent to a magistrate judge for trial.** The parties do not consent to assignment of this case to a U.S. Magistrate Judge for purposes of trial.

**11. Whether Judge Seeborg has previously conducted a settlement conference in this case.** The Court has not previously conducted a settlement conference in this matter. The parties have conferred about the possibility of settlement and do not believe this matter is amenable to settlement at this time.

Dated: December 2, 2010

By: _____/s/_____
Derek G. Howard

Joseph M. Alioto
Theresa D. Moore
Joseph M. Alioto, Jr.
Thomas P. Pier
Angelina Alioto-Grace
ALIOTO LAW FIRM
555 California Street
Thirty-First Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email: JAliotoJr@aliotolaw.com

Daniel R. Shulman
Julie Lynn Boehmke
Jeremy L. Johnson
GRAY, PLANT, MOOTY, MOOTY & BENNETT
500 IDS Center
80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 632-3000
Facsimile: (612) 632-4444
Email: daniel.shulman@gpmlaw.com

Gil D. Messina
MESSINA LAW FIRM PC
961 Holmdel Road
Holmdel, NJ 07733-2103
Telephone: (732) 332-9300
Facsimile: (732) 332-9301
Email: gmessina@messinalawfirm.com

Jack W. Lee
Derek G. Howard
Sean Tamura-Sato
MINAMI TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108-4903
Telephone: (415) 788-9000
Facsimile: (415) 398-3887
Email: dhoward@minamitamaki.com

Attorneys for Plaintiffs


By: _____/s/_____
      Stuart W. Gold

Max R. Shulman (NY Bar No. 1473982)
Stuart W. Gold (NY Bar No. 1639434)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: mshulman@cravath.com
      sgold@cravath.com

Admitted *Pro Hac Vice*

Attorneys for Defendants UAL Corporation and United Air Lines, Inc.

| | |
|---|---|
| 1 | Paul L. Yde (D.C. Bar No. 449751) |
| 2 | FRESHFIELDS BRUCKHAUS DERINGER US LLP |
|   | 701 Pennsylvania Ave., NW. Suite 600 |
| 3 | Washington, DC 20004 |
|   | Telephone:  (202) 777-4500 |
| 4 | Facsimile:  (202) 777-4555 |
|   | Email:  paul.yde@freshfields.com |

Admitted *Pro Hac Vice*

Attorneys for Defendant Continental Airlines, Inc.

Patrick D. Robbins (CA Bar No. 152288)
SHEARMAN & STERLING LLP
525 Market Street, Suite 1500
San Francisco, CA 94105-2723
Telephone:  (415) 616-1100
Facsimile:  (415) 616-1199
Email:  probbins@shearman.com

Attorneys for Defendants UAL Corporation, United Air Lines, Inc. and Continental Airlines, Inc.

\* Attestation: Per General Order 45, Section X.B, I hereby attest that counsel for the Plaintiffs have obtained written concurrence from Mr. Gold with regard to the filing of this document.

Dated:  December 2, 2010           By: _____/s/_____
                                          Derek G. Howard

JOINT CASE MANAGEMENT STATEMENT                    CASE NO.: 3:10-CV-02858 RS

-7-