**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL C. MALANEY; KATHERINE R. ARCELL; KEITH DEAN BRADT; JOSE M. BRITO; JAN MARIE BROWN; ROBERT D. CONWAY; ROSEMARY D'AUGUSTA; BRENDA K. DAVIS; PAMELA FAUST; CAROLYN FJORD; DON FREELAND; TED FRIEDLI; DONALD V. FRY; GABRIEL GARAVANIAN; HARRY GARAVANIAN; YVONNE JOCELYN GARDNER; LEE M. GENTRY; JAY GLIKMAN; DONNA M. JOHNSON; VALARIE ANN JOLLY; GAIL S. KOSACH; ROZANN KUNSTLE; STEVE KUNSTLE; JOHN LOVELL; LEN MARAZZO; LEE MCCARTHY; LISA MCCARTHY; PATRICIA ANN MEEUWSEN; L. WEST OEHMIG, Jr.; CYNTHIA PROSTERMAN; DEBORAH M. PULFER; SHARON HOLMES REED; DANA L. ROBINSON; ROBERT A. ROSENTHAL; BILL RUBINSOHN; SONDRA K. RUSSELL; SYLVIA N. SPARKS; JUNE STANSBURY; CLYDE D. STENSRUD; SHERRY LYNNE STEWART; WAYNE TALEFF; GARY TALEWSKY; ANNETTE M. TIPPETTS; DIANA LYNN ULTICAN; J. MICHAEL | No. 10-17208<br><br>D.C. No. 3:10-cv-02858-RS<br><br>MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

WALKER; PAMELA S. WARD; DAVID P. WENDELL; CHRISTINE O. WHALEN; SURAJ ZUTSHI,

        Plaintiffs - Appellants,

v.

UAL CORPORATION; UNITED AIR LINES, INC.; CONTINENTAL AIRLINES, INC.,

        Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Richard G. Seeborg, District Judge, Presiding

Argued and Submitted May 10, 2011

San Francisco, California

Before:    D.W. NELSON and W. FLETCHER, Circuit Judges, and DUFFY, District Judge.[**]

Plaintiffs airline travelers and travel agents moved for a preliminary injunction under §§ 7 and 16 of the Clayton Act against the merger of United Airlines and Continental Airlines (collectively "Defendants"). The district court denied Plaintiffs' motion. Plaintiffs argue on appeal that the district court erred in

---

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

concluding that the appropriate market for antitrust analysis is the city-pair market, rather than Plaintiffs' proposed national market in air travel. We affirm.

To obtain a preliminary injunction, Plaintiffs must demonstrate that they are "likely to succeed on the merits." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Defining and proving the relevant market for antitrust analysis is a "necessary predicate" to Plaintiffs' success on the merits of their Clayton Act claim. *Brown Shoe Co. v. United States*, 370 U.S. 294, 324 (1962); *Fount-Wip, Inc. v. Reddi-Wip, Inc.*, 568 F.2d 1296, 1301 (9th Cir. 1978).

In defining the outer bounds of a relevant antitrust market, we consider "the reasonable interchangeability of use or the cross-elasticity of demand between the product itself and substitutes for it." *Brown Shoe*, 370 U.S. at 325. To meet this standard, products do not have to be perfectly fungible, *see United States v. E. I. du Pont de Nemours & Co.*, 351 U.S. 377, 394 (1956); *United States v. Cont'l Can Co.*, 378 U.S. 441, 449 (1964), but must be sufficiently interchangeable that a potential price increase in one product would be defeated by the threat of a sufficient number of customers switching to the alternate product. *See Cont'l Can*, 373 U.S. at 453-54 (holding that, although not entirely fungible, metal and glass containers are in the same market because "[i]n differing degrees for different end

3

uses manufacturers in each industry take into consideration the price of the containers of the opposing industry in formulating their own pricing policy").

Plaintiffs have failed to demonstrate that the national market in air travel satisfies this standard. As the district court noted, a flight from San Francisco to Newark is not interchangeable with a flight from Seattle to Miami. No matter how much an airline raised the price of the San Francisco-Newark flight, a passenger would not respond by switching to the Seattle-Miami flight.

The city-pair market endorsed by the district court does satisfy the reasonable interchangeability standard. A price increase on a flight from San Francisco to Newark could be defeated by the threat of travelers switching to a flight from Oakland to LaGuardia. The city-pair market has also been endorsed as the most appropriate market for antitrust analysis by all academics and government agencies in the record, including the Department of Justice and the Government Accountability Office.

Because Plaintiffs failed to establish a relevant market for antitrust analysis, a necessary predicate for making a claim under § 7 of the Clayton Act, we do not reach Plaintiffs' other arguments on appeal.

**AFFIRMED.**