IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL MALANEY, et al.,

Plaintiffs,

v.

UAL CORPORATION, UNITED AIR LINES, INC., and CONTINENTAL AIRLINES, INC.,

Defendants.

No. C 10-02858 RS

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiffs move for leave to file a First Amended Complaint (FAC), adding a claim for damages and a demand for a jury trial. Defendants object, on the grounds that allowing amendment would be futile and prejudicial, and that plaintiffs' request for jury trial is untimely. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and for the reasons stated below, it is granted.

## II. BACKGROUND

Plaintiffs filed this lawsuit on June 29, 2010, seeking to enjoin an announced merger between defendants, United Air Lines and Continental Airlines, under § 7 of the Clayton Antitrust Act, 15 U.S.C. § 18. The original complaint plead for injunctive relief under § 16 of the Clayton Act, 15 U.S.C. § 26, and did not include a demand for a jury trial. The airlines subsequently answered the complaint, and on August 9, 2010, the plaintiffs filed a motion for a preliminary

injunction. In preparation for the hearing, the parties conducted substantial fact and expert discovery, including depositions and document production, culminating in a two day evidentiary hearing. After post-hearing briefing and argument, the Court denied plaintiffs' motion by Order dated September 27, 2010, finding that the plaintiffs had not established a viable market, dooming their efforts to show that the impending merger would substantially lessen competition, and precluding a finding of plaintiffs' likelihood of success on the merits. The court found, in addition, that the plaintiffs had not established irreparable harm, or that the balance of the hardships would tip in their favor. Defendants' merger was consummated on October 1, 2010. Plaintiffs immediately appealed the September 27 Order, which the Ninth Circuit Court of Appeals affirmed on May 23, 2011. Plaintiffs filed the instant motion to amend on August 22, 2011. Plaintiffs' proposed FAC includes a new claim for damages under § 4 of the Clayton Act, 15 U.S.C. § 15, a new demand for a jury trial, and factual allegations that since the merger, plaintiffs have faced higher airfares, and service reductions.

III. DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), the court should freely grant leave to amend "when justice so requires." The standard is one of "extreme liberality." *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether leave to amend is warranted, courts consider five factors: (1) undue delay; (2) bad faith; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether previously allowed amendments have failed to cure deficiencies. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Prejudice is the 'touchstone of the inquiry under rule 15(a).'" 316 F.3d at 1052 (9th Cir. 2003) (citing *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).

A. Amendment -- Futility and Prejudice

The airlines primarily oppose plaintiffs' motion on the grounds that amendment would be futile and prejudicial to their interests because the proposed FAC does not modify the plaintiffs' factual averments concerning the relevant market. Without repairing the defective market theory already found wanting by this Court and the Ninth Circuit in the context of preliminary injunctive

relief, the airlines submit, plaintiffs' claims must fail. In advancing this argument, defendants note that amendment may be "futile" if the amended complaint is insufficient to state a claim, or would inevitably be defeated on summary judgment. *Johnson v. American Airlines*, 834 F.2d 721, 724 (9th Cir. 1987). Plaintiffs do not dispute that their relevant markets theories remain unchanged. Instead, they counter that defining the relevant market is a factual matter reserved for the jury. *See Syufy Enter. v. American Multicinema*, 793 F.2d 990, 994 (9th Cir. 1986). As *Syufy*, and plaintiffs' other authorities explain, however, the jury's verdict on this issue must be supported by "substantial evidence." *Id. See also Morgan, Strand, Wheeler & Biggs v. Radiology*, 924 F.2d 1484, 1489-90 (9th Cir. 1991) (insufficient evidence to support plaintiff's geographic or product market). In the course of this litigation, plaintiffs have already enjoyed ample opportunity to develop a substantial record on this question, yet as the airlines stress, the market theories they have chosen to adopt lack both evidentiary and legal support. Absent a change in the plaintiffs' theory of the case, it is difficult to see how they can ultimately prevail.

Although this motion presents a close call, the proper vehicle for such arguments on the merits is a motion to dismiss. This Court and the Ninth Circuit have reviewed plaintiffs' claims upon a motion for preliminary injunction, which requires plaintiffs to show a "likelihood of success" on the merits, a significantly higher standard than the liberal policy embodied by Rule 15(a)(2). The sufficiency of the plaintiffs' pleadings has not yet been tested under Federal Rule of Civil Procedure 12(b)(6), and it would be premature to deny plaintiffs' request for leave to amend as futile on the basis of a full dismissal analysis without an appropriate motion and full briefing by the parties.

The airlines argue, alternatively, that they would be prejudiced by amendment because plaintiffs have already had some opportunity to litigate their claim. However, there can be no prejudice or surprise if, as the airlines contend, the additional facts in the proposed FAC merely elaborate on the original complaint's averments and have no legal significance. *WIXT Television v. Meredith Corp.*, 506 F. Supp. 1003, 1010 (N.D.N.Y. 1980) (since plaintiff "admits that it is already familiar with the assertions made in the proposed complaint, it will not be surprised or prejudiced by the additional allegations that plaintiff has proposed"). Nothing prevents the airlines from moving to dismiss the FAC under Rule 12(b)(6) promptly, and while preparing a motion to dismiss involves

some expense, it is not so burdensome as to preclude a fulsome review of the new complaint.  In other words, granting leave to amend will not result in any substantial, additional "[e]xpense, delay, and wear and tear" to the airlines.  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

B.  Damages Claim

Plaintiffs seek to add a claim for damages under § 4 of the Clayton Act, 15 U.S.C. § 15. Consistent with the liberal policy of Rule 15, leave to amend is ordinarily granted when plaintiffs request to add a claim for damages to an existing plea for equitable relief.  6 Alan Wright & Arthur Miller, *Fed. Prac. & Proc.* Civ. § 1474 (3d ed. 2011) ("A Rule 15(a) amendment also is appropriate for increasing the amount of damages sought, or for electing a different remedy than the one originally requested").  *Heinhold Commodities v. New York Mercantile Exch.*, 78 F.R.D. 190, 192 (S.D.N.Y. 1978); *A.L.B. Theatre v. Loew's*, 21 F.R.D. 584, 585-87 (N.D. Ill. 1957).  The addition is logical in this case, plaintiffs urge, because prior to the consummation of the merger, they faced only the prospect of future harms.  It follows that their original complaint plead only for injunctive relief under § 16 of the Clayton act.  *See* 15 U.S.C. § 26 (injunctive relief available "against *threatened* loss or damage" (emphasis added)).  Since the merger, plaintiffs aver, they have suffered actual injuries compensable by monetary damages.  Section 4, accordingly, provides treble recovery for damages "*sustained*" by plaintiff (emphasis added).  15 U.S.C. § 15.  The FAC reflects factual allegations that support a claim for damages arising subsequent to the defendants' merger.  For example, plaintiffs aver that they face higher airfares, and service reductions.  The airlines object and accuse plaintiffs of "gamesmanship," claiming that they previously chose not to enter a plea for damages in order to strengthen their claim for injunctive relief.  The absence of a damages claim, however, did not enter into the adjudication of plaintiffs' motion for a preliminary injunction.  The addition of a damages claim at this juncture does not prejudice the airlines.  Plaintiffs are granted leave to amend to add a damages claim under § 4.

C.  Demand for Jury Trial

Finally, plaintiffs seek to add a demand for a jury trial for the first time in the FAC.  Federal Rule of Civil Procedure 38(b) states that a demand for a jury trial must be served upon the other parties no more than 14 days after the last pleading directed to the jury triable issue is served.  Fed.

R. Civ. 38(b). Here, plaintiffs filed their original complaint on June 29, 2010, to which defendants filed an answer on August 5, 2010. The airlines argue that plaintiffs therefore waived their right to a jury trial 14 days later, on August 19. Plaintiffs contend that their damages claim revives their right to a jury trial because the FAC would be considered the last pleading directed to the issue triable by jury. In *Lutz*, the Ninth Circuit drew a distinction between new theories and new facts. It held that "the presentation of a new *theory* does not constitute the presentation of a new issue on which a jury trial should be granted" (emphasis in original). *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1066 (9th Cir. 2005) (quoting *Trixler Brokerage v. Ralston Purina*, 505 F.2d 1045, 1050 (9th Cir. 1974). *See also Las Vegas Sun v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979). Rather, Rule 38(b) "is concerned with issues of *fact*." *Id.* (emphasis in original). Thus, if the original and amended complaints turn on the same "matrix of facts," the amended complaint cannot form the basis for a demand for a jury trial. *Id.*

Here, however, the FAC alleges a significant factual development: defendants consummated their merger on October 1, 2010. It was this critical change in the factual circumstances that gives rise to plaintiffs' proposed claim for damages under § 4 of the Clayton Act, which in turn forms the basis for their demand for a jury trial. Because plaintiffs could not have requested damages prior to the merger, the present case is distinct from the airlines' cited authority. *See, e.g., Am. Home Prods. v. Johnson & Johnson*, 111 F.R.D. 448, 452-53 (S.D.N.Y 1986) (because defendant "could have requested damages as well as injunctive relief on its counterclaims and demanded a jury trial at the outset, but it chose not to do so," the right was waived). The Ninth Circuit does not appear to have considered the precise question at bar, but at least some other courts have held in favor of plaintiffs' position. *See e.g.*, *Local 783 Allied Indus. Workers of America, AFL-CIO v. General Electric*, 471 F.2d 751, 755 (6th Cir. 1973) ("The original complaint requested only injunctive relief and was not triable by jury as a matter of right. The amended complaint requested additional relief in the form of money damages and was triable by jury as a matter of right. The jury demand made in the amended complaint was therefore, timely"). *But see Gulbenkian v. Gulbenkian*, 147 F.2d 173, 174-176 (2d Cir. 1945) (where original complaint in contract action plead for specific performance and "for such

other relief as the court may deem proper," subsequent amendment requesting damages was rendered unnecessary by Rule 54(c), and did not renew plaintiffs' waived right to demand jury trial).

Applying the rubric set forth in *Lutz*, the completion of the defendants' merger is dispositive. The merger represents a significant factual development that fundamentally altered the nature of plaintiffs' claims. Unlike cases in which a plaintiff might have, but did not, originally plead for damages, plaintiffs' claim for damages was not sustainable until after the merger was effected. It would be unfair to require plaintiffs bringing an action under the Clayton Act to sue after the merger was completed, and thus run the risk of irreparable injury, in order to preserve their Seventh Amendment right to a jury trial. Accordingly, plaintiffs are granted leave to amend for purposes of demanding a jury trial.

## IV. CONCLUSION

For all of the foregoing reasons, plaintiffs' motion for leave to amend for the purpose of adding a claim for damages and a demand for a jury trial is granted.

IT IS SO ORDERED.

Dated: 10/24/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE