# EXHIBIT B

Joseph M. Alioto (SBN 42680)
Theresa D. Moore (SBN 99978)
Thomas P. Pier (SBN 235740)
Angelina Alioto-Grace (SBN 206899)
Jamie L. Miller (SBN 271452)
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email: jmalioto@aliotolaw.com
Email: jmiller@aliotolaw.com

[ADDITIONAL COUNSEL LISTED ON LAST PAGE]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Michael C. Malaney, Katherine R. Arcell, Keith Dean Bradt, Jose' M. Brito, Jan Marie Brown, Robert D. Conway, Rosemary D'Augusta, Brenda K. Davis, Pamela Faust, Carolyn Fjord, Don Freeland, Ted Friedli, Donald V. Fry, Gabriel Garavanian, Harry Garavanian, Yvonne Jocelyn Gardner, Lee M. Gentry, Jay Glikman, Donna M. Johnson, Valarie Ann Jolly, Gail S. Kosach, Rozann Kunstle, Steve Kunstle, John Lovell, Len Marazzo, Lee McCarthy, Lisa McCarthy, Patricia Ann Meeuwsen, L. West Oehmig, Jr., Cynthia Prosterman, Deborah M. Pulfer, Sharon Holmes Reed, Dana L. Robinson, Robert A. Rosenthal, Bill Rubinsohn, Sondra K. Russell, Sylvia N. Sparks, June Stansbury, Clyde D. Stensrud, Sherry Lynne Stewart, Wayne Taleff, Gary Talewsky, Annette M. Tippetts, Diana Lynn Ultican, J. Michael Walker, Pamela S. Ward, David P. Wendell, Christine O. Whalen, and Suraj Zutshi,<br><br>    Plaintiffs,<br><br>v.<br><br>UAL CORPORATION, UNITED AIR LINES, INC., and CONTINENTAL AIRLINES, INC.<br><br>    Defendants. | CASE NO.: **CV-10-02858 (RS)**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING (FED. R. CIV. P. 15(d))**<br><br>Date: December 15, 2011<br>Time: 1:30 p.m.<br>Judge: Honorable Richard Seeborg |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:** |
| 3 | PLEASE TAKE NOTICE that on December 15, 2011, at 1:30 p.m., or as soon |
| 4 | thereafter as the matter may be heard in the Courtroom of the Honorable Richard Seeborg, |
| 5 | United States District Judge for the Northern District of California, located at 450 Golden |
| 6 | Gate Avenue, San Francisco, California, Plaintiffs will move this Court for an order granting |
| 7 | them leave to file a Supplemental Pleading pursuant to Federal Rule of Civil Procedure 15(d) |
| 8 | and ordering that the Supplemental Complaint submitted with this motion be deemed filed. |
| 9 | Plaintiffs seek leave to file a Supplemental Complaint on the grounds that since Plaintiffs |
| 10 | moved to file and filed their First Amended Complaint events have occurred that are material |
| 11 | to this action, as is more fully shown in a copy of the proposed Supplemental Complaint. |
| 12 | This motion will be based on this Notice of Motion, the Memorandum of Points and |
| 13 | Authorities, Plaintiffs' First Amended Complaint, the proposed Supplemental Complaint, the |
| 14 | Declaration, the [Proposed] Order filed herewith, on all of the files and records of this action, |
| 15 | and on any additional material that may be elicited at the hearing on this motion. |
| 16 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17 | **I. INTRODUCTION** |
| 18 | Through this motion, Plaintiffs seek leave to file a Supplemental Complaint pursuant |
| 19 | to Federal Rule of Civil Procedure 15(d) on the grounds that since plaintiffs moved and then |
| 20 | were granted leave to file their First Amended Complaint, events have occurred that are |
| 21 | material to this action. They are discussed below and more fully stated in the copy of the |
| 22 | proposed Supplemental Complaint. |
| 23 | **II. STATEMENT OF FACTS** |
| 24 | Since Plaintiffs filed their Motion for Leave to File a First Amended Complaint on |
| 25 | August 22, 2011, which the Court granted on October 24, 2011, the following events have |

- 2 –
*Plaintiffs' Notice of Motion and Motion for Leave to File a Supplemental Pleading*

occurred that are material to this action:

1. On October 18, 2011, Delta, the second largest network carrier in the United States, announced an increase in ticket prices, "by $4, $6 and $10 across the bulk of their domestic route system." At 8 p.m. CST, on October 18th, it was reported that the now-merged defendants "United/Continental matched" Delta's price hike and at 1 p.m. the next day it was reported that "ALL AIRLINES HAVE MATCHED," this according to FareCompare.com, an airline ticket comparison shopping website. That was estimated to be the seventeenth attempted price hike by U.S. airlines in 2011, and the ninth to succeed. See Declaration of Joseph M. Alioto, Esq., Exhibit "A".

2. On October 19, 2011, USA TODAY also reported that "[d]iscount carrier Southwest and its subsidiary AirTran matched a fare increase Wednesday that was launched by larger airlines, likely ensuring that the industry's latest attempt to raise ticket prices will be successful." The same article estimated that U.S. airlines had attempted to raise fares 19 times in 2011, with 10 having succeeded. See Declaration of Joseph M. Alioto, Esq., Exhibit "B".

3. The price increases were reported to affect prices "across the bulk of their [the airlines] domestic route system" (see Exhibit "A") and "across much of the USA" (see Exhibit "B").

4. Significantly, the USA TODAY reported that the "airlines are in a better position to raise fares because they've cut flights or the seats they make available aggressively so their planes fly close to full. With the cuts, analysts expect airlines to continue raising prices to post a profit." Exhibit "B".

5. The succession of price increases in 2011, following Continental's merger with United, across the entire national airline market, without cost or other justification. In fact, the October 18 fare increase "occur[red] as most U.S. airlines [were] set to announce third-quarter profits". Exhibit "A". United/Continental announced a third-quarter net profit of

- 3 –

*Plaintiffs' Notice of Motion and Motion for Leave to File a Supplemental Pleading*

$653,000,000 on October 27, 2011. Although the company's net profit was down from a year ago due to an additional roughly $1 billion in fuel costs (not taking into account the benefit of UAL's fuel hedges), its revenues for the quarter increased 8.7% to $10.1 billion, year on year. Declaration of Joseph M. Alioto, Esq., Exhibit "C".

The above events have occurred since the motion for leave to file a First Amended Complaint was filed and then granted. They are material to the plaintiffs' complaint in that they are evidence of price increases and capacity cuts consistent with oligopolist behavior in the national airline market which, plaintiffs have contended – and continue to contend – is the relevant market in this case. These events have occurred during a period of continuing concentration in the domestic airline industry with the recent merger of Southwest and AirTran airlines. As alleged in the First Amended Complaint, the industry appears headed toward further concentration, with industry experts anticipating a further merger or mergers between or involving American Airlines and/or US Airways.

### III. ARGUMENT

**A. Leave Should be Granted to Permit the Filing of a Supplemental Pleading.**

Federal Rule of Civil Procedure 15(d) provides:

> **(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

As the rule states, a supplemental pleading is meant to encompass events that have occurred since the earlier pleading was filed (in this case, after the motion for leave to amend was filed, and again after the Court granted the motion). Courts will typically grant leave to file a supplemental pleading provided it will not unfairly prejudice other parties. The First Amended Complaint alleges that the merger of United and Continental will result in higher

fares and diminished service and capacity (¶¶ 29, 37, 65, 81-87, 103, 104, 125) in the relevant product and geographic markets which are alleged to be "the transportation of airline passengers in the United States." (First Amended Complaint ¶ 29).

Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted. *See, Foman v. Davis*, 371 U.S. 178, 182 (1962).

> Supplemental pleadings are generally favored because they promote judicial economy and convenience by permitting courts to dispose of related claims and issues in one matter. *Keith* [*v. Volpe*], 858 F.2d [467] at 473-74 [(9th Cir. 1998)]. The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under Rule 15(a). *Glatt v. Chic. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996); *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1504, pp. 185-86 (2d ed. 1990).

*Paralyzed Veterans of America v. McPherson*, 2008 U.S. Dist. LEXIS 69542, *81 (N.D. CA 2008).

Given the clear connection of the supplemental pleading to the First Amended Complaint, the grant of the Motion for Leave to File a Supplemental Pleading is appropriate.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully seek leave of this Court to file a Supplemental Pleading.

Dated: November 4, 2011

           ALIOTO LAW FIRM

By: */s/ Joseph M. Alioto*
     Joseph M. Alioto
     ALIOTO LAW FIRM
     225 Bush Street, 16th Floor
     San Francisco, CA 94104
     Telephone: (415) 434-8900
     Facsimile: (415) 434-9200
     E-mail: jmalioto@aliotolaw.com
     Email: jmiller@aliotolaw.com

## PLAINTIFFS' COUNSEL

| | |
|---|---|
| Joseph M. Alioto (SBN 42680)<br>Theresa D. Moore (SBN 99978)<br>Thomas P. Pier (SBN 235740)<br>Angelina Alioto-Grace (SBN 206899)<br>ALIOTO LAW FIRM<br>225 Bush Street, 16th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 434-8900<br>Facsimile: (415) 434-9200<br>Email: jmalioto@aliotolaw.com<br>Email: jmiller@aliotolaw.com | Daniel R. Shulman (MN SBN 100651)<br>*Pro Hac Vice*<br>Julie Lynn Boehmke (MN SBN 317330)<br>*Pro Hac Vice*<br>Jeremy L. Johnson (MN SBN 328558)<br>*Pro Hac Vice*<br>GRAY, PLANT, MOOTY, MOOTY &<br>   BENNETT<br>500 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone: (612) 632-3000<br>Facsimile: (612) 632-4335<br>Email: daniel.shulman@gpmlaw.com<br>Email: julie.boehmke@gpmlaw.com<br>Email: jeremy.johnson@gpmlaw.com |
| Gil D. Messina (NJ SBN GM5079)<br>*Pro Hac Vice*<br>MESSINA LAW FIRM PC<br>961 Holmdel Road<br>Holmdel, NJ 07733<br>Telephone: (732) 332-9300<br>Facsimile: (732) 332-9301<br>Email: gmessina@messinalawfirm.com | Jack Lee<br>Derek G. Howard<br>Minami Tamaki LLP<br>360 Post Street<br>8th Floor<br>San Francisco, CA 94108<br>Telephone: (415) 788-9000<br>Facsimile: (415) 398-3887<br>Email: jlee@minamitamaki.com<br>Email: dhoward@minamitamaki.com |
| Thomas V. Girardi<br>Robert William Finnerty<br>Molly Beth Weber<br>Girardi Keese<br>1126 Wilshire Blvd<br>Los Angeles, CA 90017<br>Telephone: (213) 977-0211<br>Facsimile: (213) 481-1554<br>Email: tgirardi@girardikeese.com<br>Email: rfinnerty@girardikeese.com<br>Email: mweber@girardikeese.com | |