*E-Filed 12/29/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL MALANEY, et al.,

    Plaintiffs,

  v.

UAL CORPORATION, UNITED AIR LINES, INC., and CONTINENTAL AIRLINES, INC.,

    Defendants.

No. C 10-02858 RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Defendants United Air Lines and Continental Airlines ("United") move to dismiss plaintiffs' complaint under the Clayton Antitrust Act for failure to state a claim, on the grounds that plaintiffs' proposed market definition lacks legal and factual support. Plaintiffs maintain that their complaint satisfies Federal Rule of Civil Procedure 12(b)(6) and suggest that United is judicially estopped from objecting to their proffered market definition based on a position they took in a prior litigation. Upon consideration of the briefs, the arguments raised at the hearing, and for the reasons discussed below, the motion must be granted. The complaint is dismissed with prejudice.

## II. BACKGROUND

Plaintiffs filed this lawsuit on June 29, 2010, seeking to enjoin an announced merger between United and Continental, under § 7 of the Clayton Antitrust Act, 15 U.S.C. § 18. The merger, which has since been consummated, created the largest domestic airline by several

measures. The operative first amended complaint (FAC), like the original complaint, avers that "the relevant product and geographic markets for purposes of this action are the transportation of airline passengers in the United States, and the transportation of airline passengers to and from the United States on international flights." FAC, ¶ 29.

On August 9, 2010, the plaintiffs moved for a preliminary injunction. In preparation for the hearing, the parties conducted substantial fact and expert discovery, including depositions and document production, culminating in a two day evidentiary hearing. A key issue addressed in the briefing and at the hearing was plaintiffs' proposed market definition. In addition to the national market set forth in their complaint, plaintiffs advanced two alternative theories: (1) a market limited to network carriers competing for business travelers; and alternatively, (2) thirteen airport-pairs where the merger allegedly lessened competition. On September 27, 2010, after post-hearing briefing and argument, the Court denied plaintiffs' motion for preliminary relief, finding, among other things, that the plaintiffs had not established a viable market, dooming their efforts to show that the impending merger would substantially lessen competition, and precluding a finding of plaintiffs' likelihood of success on the merits. Specifically, the Court found that the network carrier-based market definition failed to account for substantial evidence of competition for business travelers from low cost carriers. As for airport-pairs, the Court found substantial evidence demonstrating that instead city-pairs provide the accepted framework for antitrust analysis. Finally, the Court rejected the national market because plaintiffs failed to show any reasonable interchangeability of use, or cross-elasticity of demand, between flights connecting distant cities. In other words, there was no evidentiary support for plaintiffs' position that a New York-Los Angeles flight is a substitute for a Miami-Seattle flight. In rejecting the national market, the Court also noted that the concentration of the national airline industry falls far below the Herfindahl-Hirschman Index threshold specified by the Department of Justice's Merger Guidelines.

The merger was consummated on October 1, 2010. Plaintiffs immediately appealed this Court's order denying them a preliminary injunction. In their appeal, plaintiffs focused on the national market, and raised many of the arguments that they now seek to advance in opposition to the instant motion to dismiss. On May 23, 2011, the Ninth Circuit Court of Appeals affirmed the

decision denying plaintiffs a preliminary injunction, holding "[t]he city-pair market endorsed by the district court does satisfy the reasonable interchangeability standard," but "[p]laintiffs have failed to demonstrate that the national market in air travel satisfies this standard." As a result, the Court concluded, "[p]laintiffs failed to establish a relevant market for antitrust analysis, a necessary predicate for making a claim under § 7 of the Clayton Act." After an unsuccessful petition for rehearing en banc, plaintiffs filed a petition for writ of certiorari challenging the Ninth Circuit's decision, which was also denied.

Finally, on November 2, 2011, plaintiffs filed their FAC, for the dual purposes of adding a prayer for money damages, and a demand for a jury trial.[1] As noted, the FAC does not alter the proposed market definition, and United now moves to dismiss based on the lack of a viable market definition under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs continue to insist in their opposition to the motion to dismiss that a national market is consistent with precedent and provides an adequate basis to proceed on their claim.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings are "so construed as to do substantial justice." Fed. R. Civ. P. 8(f). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Moss. v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct at 1951). A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) based on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in

---

[1] Several days later, plaintiffs supplemented that pleading with additional factual averments directed to harm.

the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

IV. DISCUSSION

1. Judicial estoppel

As a threshold matter, plaintiffs contend that the United's attacks on the national market definition may not be countenanced because they are inconsistent with a position adopted by United in a previous case. Judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). It generally precludes a party from adopting a position that is clearly inconsistent with a position successfully asserted in earlier proceedings, particularly where permitting them to do so would prejudice the opposing party. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The purpose of the doctrine is "to protect the integrity of the judicial process." *Id.* (citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982)). Although, as an equitable doctrine, judicial estoppel cannot be reduced to a universal principle or rigid formula, the Supreme Court has identified several discretionary factors which guide its application by the courts. First, the later position should be "clearly inconsistent" with the earlier-adopted position. *Id.* at 750. Second, the estopped party should have successfully asserted the earlier position, such that acceptance of the later, inconsistent argument would lead to "the perception that either the first or the second court was misled." *Id.* (citing *Edwards*, 690 F.2d at 599). Finally, the doctrine has particular relevance where the party seeking to adopt an inconsistent position gains "unfair advantage" or imposes an "unfair detriment" on the opposing party. *Id.* at 751.

Here, plaintiffs argue that United and American Airlines successfully obtained summary judgment in *In re Air Passenger Computer Reservation Sys.*, 694 F. Supp. 1443 (C.D. Cal. 1988) (hereinafter *CRS*) as defendants, by asserting the existence of a national market for air

transportation. Plaintiffs' argument, however, does not accurately reflect the position of the parties in *CRS*, or the court's ultimate holding. In *CRS*, plaintiffs, including Continental and other airlines, alleged that an electronic ticket reservation system developed by United and American Airlines constituted an "essential facility." Among other things, the complaint apparently asserted that United and American leveraged the reservation system to monopolize, or attempt to monopolize the downstream "national air transportation market" as well as "various local air transportation markets." *Id.* at 1466, 1471. Plaintiffs here assert that United argued in favor of adopting the national market as the relevant market for antitrust purposes.

In fact, the opinion states only that "[t]he evidence submitted supports defendant's contention that the only relevant air transportation market is the national market." *Id.* at 1472. It appears that United took this position because there was no evidence to establish local air transportation markets as a viable alternative to the national market, and as for the national market, "[p]laintiffs have provided no competent evidence supporting a claim that United monopolized the national air transportation market." *Id.* at 1466. *CRS* contains no other substantive discussion about the viability of the local or the national market, and it is not even clear from the opinion that United affirmatively argued that a national air transportation market provides a viable basis for antitrust analysis. Rather, it appears equally likely from the face of the opinion that the airline merely accepted the national market for argument's sake given the lack of any competent evidence. As a result, plaintiffs here have failed to establish that United took a clearly inconsistent position. Of course, even if United did accept the national market as the relevant market for antitrust purposes, because of the absence of any competent evidence directed to either the local or the national market, nothing turned on its position. Plaintiffs in this case have therefore also failed to show that United maintained its purported prior position with success. It follows that *CRS* does not provide any basis for the application of estoppel against defendants in this case. Even assuming, however, for argument's sake, that estoppel did bar defendants from attacking the sufficiency of plaintiffs' pleadings, plaintiffs simply could not proceed on a legally deficient complaint, for the reasons articulated below.

2. Sufficiency of the pleadings

United contends that plaintiffs' complaint is deficient because they have failed to plead a viable market for antitrust purposes. As the order denying a preliminary injunction, and the Ninth Circuit opinion affirming that order, discussed at length, to state a claim under the Clayton Act, plaintiffs *must* plead a viable relevant market in which the defendant has market power. *Malaney v. UAL Corp.*, No. 10–17208, 2011 WL 1979870, at *1 (9th Cir. May 23, 2011) (citing *Brown Shoe Co. v. United States*, 370 U.S. 294, 324 (1962)). Failure to do so renders the complaint unsustainable and appropriate for dismissal. *United States v. E.I. du Pont de Nemours & Co.,* 353 U.S. 586, 593 (1957) ("[d]etermination of the relevant market is a necessary predicate to a finding of a violation of the Clayton Act because the threatened monopoly must be one which will substantially lessen competition within the area of effective competition" (internal quotation marks omitted)). *Accord Golden Gate Pharmacy Servs., Inc. v. Pfizer, Inc.*, No. 10-15978, 2011 WL 1898150, at *1 (9th Cir. May 19, 2011) ("In order to state an antitrust claim, a plaintiff must identify a relevant market within which the defendant has market power."). To define the relevant market, the court must consider "the reasonable interchangeability of use or the cross-elasticity of demand between the product itself and substitutes for it." *Brown Shoe*, 370 U.S. at 325. To meet this standard, products need not be perfect substitutes, "but must be sufficiently interchangeable that a potential price increase in one product would be defeated by the threat of a sufficient number of customers switching to the alternate product." *Malaney*, 2011 WL 1979870, at *1.

Here, plaintiffs have already enjoyed ample opportunity to develop a substantial record on this question, yet both this Court and the Ninth Circuit have held that their pleadings, at least in their current form, fail to state a viable market. As both courts have explained, the national market for air transportation does meet *Brown Shoe*'s standard because flights between distant cities are simply not reasonably interchangeable. A passenger would never choose a flight from San Francisco to Newark as an alternative to a flight from Seattle to Miami, regardless of price. Plaintiffs have expressly refused to amend their pleadings to cure this defect since denial of the preliminary injunction. Instead, they now seek to re-litigate the viability of the national market, insisting that both this Court and the Ninth Circuit incorrectly rejected their previous position. Although the Ninth Circuit's articulation of the relevant market standard was handed down in response to

plaintiffs' request for a preliminary injunction, it is now the binding law of this case. *Ranchers Cattlemen Action Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007) (appellate ruling on pure point of law related to party's application for a preliminary injunction is binding for remainder of trial proceedings). Because plaintiffs' arguments on this issue have already been considered, discussed at length, and rejected, they need not be addressed again here.

Plaintiffs other attempts to avoid pleading a legally adequate market are equally unavailing. It would be improper to allow plaintiffs to present the issue to the jury because their market theory has already been deemed legally deficient and unsupported by "substantial evidence." *Syufy Enter. v. American Multicinema*, 793 F.2d 990, 994 (9th Cir. 1986). Likewise, their new averments concerning the harm that will allegedly befall plaintiffs are irrelevant in light of their failure to establish, first, a relevant market within which these harmful effects may be analyzed. *California v. Sutter Health Sys.*, 130 F. Supp. 2d 1109, 1118 (N.D. Cal. 2001) ("plaintiff must first define the relevant market, and then establish that the proposed merger will create an appreciable danger of anticompetitive consequences"). Furthermore, given that plaintiffs have already been granted an opportunity to amend, and yet have expressly refused to alter their averment that the relevant antitrust market is national in scope, their complaint must be dismissed with prejudice. *Lucas*, 66 F.3d at 248.

## V. CONCLUSION

For all of the foregoing reasons, the motion to dismiss must be granted. The complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated: 12/29/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE