Joseph M. Alioto (SBN 42680)
Theresa D. Moore (SBN 99978)
Thomas P. Pier (SBN 235740)
Angelina Alioto-Grace (SBN 206899)
Jamie L. Miller (SBN 271452)
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Facsimile:  (415) 434-9200
Email:  jmalioto@aliotolaw.com
Email:  jmiller@aliotolaw.com

[ADDITIONAL COUNSEL LISTED ON LAST PAGE]

*Attorneys for All Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael C. Malaney, Katherine R. Arcell, Keith Dean Bradt, Jose' M. Brito, Jan Marie Brown, Robert D. Conway, Rosemary D'Augusta, Brenda K. Davis, Pamela Faust, Carolyn Fjord, Don Freeland, Ted Friedli, Donald V. Fry, Gabriel Garavanian, Harry Garavanian, Yvonne Jocelyn Gardner, Lee M. Gentry, Jay Glikman, Donna M. Johnson, Valarie Ann Jolly, Gail S. Kosach, Rozann Kunstle, Steve Kunstle, John Lovell, Len Marazzo, Lee McCarthy, Lisa McCarthy, Patricia Ann Meeuwsen, L. West Oehmig, Jr., Cynthia Prosterman, Deborah M. Pulfer, Sharon Holmes Reed, Dana L. Robinson, Robert A. Rosenthal, Bill Rubinsohn, Sondra K. Russell, Sylvia N. Sparks, June Stansbury, Clyde D. Stensrud, Sherry Lynne Stewart, Wayne Taleff, Gary Talewsky, Annette M. Tippetts, Diana Lynn Ultican, J. Michael Walker, Pamela S. Ward, David P. Wendell, Christine O. Whalen, and Suraj Zutshi,<br><br>          Plaintiffs,<br><br>    v.<br><br>UAL CORPORATION, UNITED AIR LINES, INC., and CONTINENTAL AIRLINES, INC.<br><br>          Defendants. | CASE NO.:  **CV-10-02858 (RS)**<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS**<br><br>Judge:  Honorable Richard Seeborg |

Pursuant to Local Rule 54-2(a) all Plaintiffs hereby object to the Bill of Costs filed in this action by Defendants UAL Corporation, United Air Lines, Inc. and Continental Airlines, Inc., ("Defendants"), on January 11, 2012. Pursuant to Local Rule 54-2(a), counsel for Plaintiffs have met and conferred with counsel for Defendants concerning Plaintiffs objections, but were unable to resolve their disagreements regarding Defendants' recoverable costs.

Plaintiffs make the following objections to Defendants' Bill of Costs:

**Objection 1:** Defendants' declaration does not meet the requirements of Local Rule 54-1(a) because it does not attest that the costs are "allowable by law." Plaintiffs' contend that this is not simply a mere technicality, as several of the cost items are not legally permitted.

**Objection 2**: Defendants' claimed *pro hac vice* fees for five attorneys in the amount of $1,245.00 are excessive and are not fees for filing and service of process under Local Rule 54-3(a) and thus not recoverable. *Gidding v. Anderson,* 2008 WL 5068524 *2 (N.D.Cal. 2008) (found that *pro hac vice* fees are, "an expense of counsel for the privilege of practicing law in the district and are not recoverable under Rule 54(d) or 28 U.S.C. §1920(1).") *See also Competitive Technologies v. Fujitsu Limited,* 2006 WL 6338914 (N.D.Cal. 2006)

**Objection 3:** Defendants' claimed costs for hearing transcripts are not allowable under 54-3(b)(1) as expenses "necessarily obtained for an appeal" because they were ordered before the preliminary injunction hearing and before the Court issued its order. Further, the hourly transcript fees claimed by Defendants are not necessary for appeal and are excessive.

Defendants' hearing transcript costs are also not recoverable because these costs were not approved by the judge or stipulated as recoverable by counsel before they were incurred as required by Local Rule 54-3(b)(3).

**Objection 4**: Defendants' claimed costs for exemplification and the costs of making copies are not recoverable because it is impossible to tell from the documentation provided in Exhibit C if these charges comply with the Local Rules.

Only the costs to reproduce and to certify or exemplify government records and the costs to reproduce disclosure or formal discovery documents are chargeable under 54-3(d)(1) and (2). Printing and color duplication charges are allowable only to the extent "a Judge requires copies to be provided." Local Rule 54-3(d)(4) Similarly, "the cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits" are chargeable only if "reasonably necessary to assist the…Court in understanding the issues at trial." Local Rule 54-(d)(3) provides that "The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable." Defendants' Exhibit C fails to explain how the listed expenditures meet the requirements of Local Rules 54-3(d) (1-5) or even identify the purpose of each expenditure. *See Competitive Technologies v. Fujitsu Limited,* 2006 WL 6338914, \*8 (N.D.Cal. 2006) (denying costs for exemplification and copies where "invoices [did] not provide sufficient details.")

**Objection 5:** Defendants' deposition transcript costs that exceed the number of copies permitted by the Local Rules and charges for expedited copies of depositions are not recoverable. *See City of Alameda v. Nuveen Municipal High Income Opportunity Fund,* 2012 WL 177566 (N.D.Cal. 2012). Exhibit B invoices indicate that Defendants paid for one real-time feed, one conference call, 1 rough ASCII, Final Transcript e-mailed, a "hard package", videotape/transcript sync charges, and next-day UPS charges.

The law allows recovery of the cost of one original of a deposition transcript and one copy. If a party elects to have the transcript made available in an additional, separate medium, the party must bear any additional expenses associated with that choice. *Intermedics, Inc. v. Ventritex, Inc.*, 1993 WL 515879, \*3 (N.D. Cal. 1993) aff'd sub nom. *Intermedics, Inc. v. Ventritex Co. Inc*., 39 F.3d 1196 (Fed. Cir. 1994). Rule 54-3(c)(1) has been interpreted to mean that "the cost of one copy of a deposition transcript" is allowable. *Intermedics*, 1993 WL

515879, at *3 (emphasis in original) (further holding that parties must bear the additional expenses associated with transcripts made available in an additional, separate medium).

Shipping or expedited delivery charges and "extra" charges such as ASCII/Mini/E-transcripts are not allowed. *Ishida Co., Ltd. V. Taylor*, 2004 WL 2713067, *1 (N.D. Cal. 2004); *Affymetrix, Inc. v. Multilyte Ltd.*, 2005 WL 2072113, *2 (N.D. Cal. 2005); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2008 WL 2020533, *5 (N.D. Cal. 2008). "The normal practice in the Northern District is to disallow any postage and handling charges that exceed the rate of regular first-class mail plus handling." *Intermedics*, 1993 WL 515879, *3.

**Objection 6:** The messenger or delivery charges by Toshi's Legal Connection claimed by Defendants are not recoverable costs. *See Davis v. Eastfield Ming Quong, Inc.*, 2009 WL 225420, *2 (N.D. Cal. 2009) (excluding messenger fees under section 1919, "Costs allowable under section 1920 are enumerated in the statute and do not include messenger fees.")

Defendants' Bill of Costs fails to conform to the requirements of Fed. R. Civ. P. 54(d), Civil Local Rules 54-1 and 54-3 and 28 U.S.C. § 1920, *et seq.* and Plaintiffs object to it. For the reasons discussed above, the Court should limit Defendants' recoverable costs.

Dated: January 25, 2012

ALIOTO LAW FIRM

By: */s/ Joseph M. Alioto*
Joseph M. Alioto
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
E-mail: jmalioto@aliotolaw.com
Email: jmiller@aliotolaw.com

## PLAINTIFFS' COUNSEL

| | |
|---|---|
| Joseph M. Alioto (SBN 42680)<br>Theresa D. Moore (SBN 99978)<br>Thomas P. Pier (SBN 235740)<br>Angelina Alioto-Grace (SBN 206899)<br>ALIOTO LAW FIRM<br>225 Bush Street, 16th Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 434-8900<br>Facsimile:  (415) 434-9200<br>Email:  jmalioto@aliotolaw.com<br>Email:  jmiller@aliotolaw.com | Daniel R. Shulman (MN SBN 100651)<br>*Pro Hac Vice*<br>Julie Lynn Boehmke (MN SBN 317330)<br>*Pro Hac Vice*<br>Jeremy L. Johnson (MN SBN 328558)<br>*Pro Hac Vice*<br>GRAY, PLANT, MOOTY, MOOTY & BENNETT<br>500 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone:  (612) 632-3000<br>Facsimile:    (612) 632-4335<br>Email: daniel.shulman@gpmlaw.com<br>Email:  julie.boehmke@gpmlaw.com<br>Email:  jeremy.johnson@gpmlaw.com |
| Gil D. Messina (NJ SBN GM5079)<br>*Pro Hac Vice*<br>MESSINA LAW FIRM PC<br>961 Holmdel Road<br>Holmdel, NJ  07733<br>Telephone:  (732) 332-9300<br>Facsimile:  (732) 332-9301<br>Email:  gmessina@messinalawfirm.com | Jack Lee<br>Derek G. Howard<br>Minami Tamaki LLP<br>360 Post Street<br>8th Floor<br>San Francisco, CA 94108<br>Telephone:  (415) 788-9000<br>Facsimile: (415) 398-3887<br>Email: jlee@minamitamaki.com<br>Email: dhoward@minamitamaki.com |
| Thomas V. Girardi<br>Robert William Finnerty<br>Molly Beth Weber<br>Girardi Keese<br>1126 Wilshire Blvd<br>Los Angeles, CA 90017<br>Telephone: (213) 977-0211<br>Facsimile: (213) 481-1554<br>Email:  tgirardi@girardikeese.com<br>Email:  rfinnerty@girardikeese.com<br>Email:  mweber@girardikeese.com | |

*Plaintiffs' Objection to Defendants' Bill of Costs*